# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSMETIC WARRIORS LIMITED, | Civil Action No. _____ |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| NAILUSH LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Cosmetic Warriors Limited for its complaint against Defendant Nailush LLC, alleges as follows based on present knowledge, information, and belief:

## PARTIES

1.  Plaintiff Cosmetic Warriors Limited ("CWL") is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 29 High Street, Poole, Dorset BH15 1AB in the United Kingdom. Plaintiff has extensive operations in the United States, including ten retail stores within the State of New Jersey, five shops in Pennsylvania including two shops in the Philadelphia area, and a websites at www.lush.com and www.lushusa.com.

2.  Upon information and belief, Defendant Nailush LLC is a domestic limited liability company formed in the State of New Jersey, and operating a business known as NAILush, within this district at 151 South Black Horse Pike, Suite B, Runnemede, New Jersey (herein "Defendant" or "Nailush"). On information and belief, the member of the Defendant LLC is a citizen of Pennsylvania.

## NATURE OF ACTION AND JURISDICTION

3. This is an action for trademark infringement and unfair competition brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), New Jersey Statute Section 56:3-13.16 and 13.20 and the common law of the State of New Jersey.

4. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over CWL's claims under state law under 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the United Kingdom and a citizen of the State of New Jersey.

5. This Court has personal jurisdiction over Defendant because *inter alia* Defendant is a New Jersey limited liability company, Defendant does business in this judicial district and the conduct of Defendant complained of in this Complaint occurred in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1391.

## FACTS

**A.   CWL And Its Marks**

7. CWL is one of the world's premier suppliers of bath, hair care, and beauty products made from natural, wholesome ingredients and related products. CWL's products are sold from over one hundred retail stores operated in the United States, including stores in Cherry Hill, Jersey City, Short Hills, Paramus, Rockaway and Freehold, New Jersey. CWL's Cherry Hill, New Jersey location is less than eight miles from defendant's place of business. CWL also operates locations in Philadelphia and King of Prussia, Pennsylvania, and from numerous retail

shops in many foreign countries, as well as via its catalogs and Internet sites. CWL operates a spa at its Philadelphia location at 1525 Walnut Street, Philadelphia, PA where it offers a wide variety of spa services and treatments to the general public. CWL's Philadelphia spa is less than ten miles from defendant's place of business. CWL offers products specifically for nail and cuticle care, such as its Lemony Flutter cuticle butter product. CWL has a reputation of providing competitively priced, high-quality bath, hair care, and beauty products and services. Over the last twenty years, CWL's business in the United States has grown substantially and CWL is one of the nation's best known retail providers of bath, hair care, and beauty products and services as well as other products.

8. CWL has been commercially using the LUSH mark in the United States since at least as early as 1996. CWL has used these trademarks in connection with cosmetic preparations and affiliated products in the nature of skin creams and moisturizers, perfumes, bath preparations, hair products (including shampoos, conditioners, hair treatments, hair dyes, and styling gels), and retail store services, including consultations and providing recommendations to customers. CWL now operates two spas with more to be opened in the future. CWL has given notice of its registered rights in its marks by using the ® symbol in connection with its registered trademarks.

9. CWL owns, among others, the following United States Trademark Registrations and Application:

| MARK | REGISTRATION NO. | REGISTRATION DATE |
|---|---|---|
| LUSH | 2,282,428 | October 5, 1999 |
| LUSH | 2,853,483 | June 15, 2004 |
| LUSH | 3,001,303 | September 27, 2005 |

3

| LUSH | 3,008,685 | October 25, 2005 |
| LUSH | 4,118,438 | March 27, 2012 |
| LUSH FRESH HANDMADE COSMETICS and design | 3,102,767 | June 13, 2006 |
| LUSH | 3,987,808 | July 5, 2011 |
| LUSH | 86/475,096 | N/A |

Copies of these registrations and application are attached as Exhibits A-H.

10. United States Trademark Registration No. 3,987,808 was filed on November 4, 2005, and granted July 5, 2011, for LUSH in connection with hair salon services, nail care and manicure services, and other related services as a natural and foreseeable expansion of CWL's trademark rights in cosmetics and retail store services going back to at least 1995.

11. CWL has expended a substantial amount of money and effort in advertising and promoting its LUSH mark. CWL is among the most innovative and creative companies selling cosmetics, soaps, hair products, bath products, perfumes, and related products in the world today, and its products are frequently imitated. CWL and its LUSH mark are well known and consumers have come to know, rely upon, and recognize the LUSH mark as identifying CWL's products and retail stores. CWL's goods and services have been mentioned over 24,000 times in popular press and broadcast media distributed to the public in North America. As a result of CWL's substantial promotional, advertising, publicity, and public relations activities, the LUSH mark has acquired substantial goodwill and is an extremely valuable commercial asset.

12. CWL's LUSH mark is famous, distinctive and is inherently distinctive, serving to identify and indicate the source of CWL's products to the consuming public, and to distinguish CWL's products and services from those of others.

13. CWL also has common-law rights in the LUSH mark in New Jersey and throughout the United States. The LUSH mark is famous in the State of New Jersey.

14. CWL has and has always had an express intent to use and expand its line of LUSH products and services to salon and spa services, as well as to expand the mark generally. CWL now operates spas in New York and Pennsylvania under the LUSH mark.

**B.    The Defendant's Unlawful Conduct**

15. On or about June 9, 2015 Nailush LLC filed a trademark application with the U.S. Patent and Trademark Office to register the Nailush mark for nail care salon services. That application was assigned Serial Number 86656182. That application was refused registration on the basis of confusing similarity with CWL's Registration No. 3987808 on September 28, 2015. Nailush attempted to overcome that refusal by submitting an argument to the Examining Attorney on January 19, 2016, but that argument was unpersuasive, and Nailush LLC's application was finally refused registration on February 29, 2016 by the U.S. Patent and Trademark Office. On September 26, 2016 the Nailush application was abandoned for failure to respond to the final refusal to register the mark.

15. Defendant, with constructive and, upon information and belief, actual knowledge of CWL's LUSH mark, began operating a nail salon and advertising, promoting, selling, and offering nail salon services and beauty products under the mark Nailush. Examples of Defendant's use of the Nailush mark are attached as Exhibit I. The Nailush nail salon is operating less than eight miles from CWL's closest LUSH shop, and less than ten miles from CWL's closest LUSH spa. The trade area for nail care services and cosmetics and spa services exceeds ten miles. Nailush LLC is operating within the trade area long served by CWL.

16. Defendant, with constructive and, upon information and belief, actual knowledge of CWL's LUSH mark, uses the Nailush mark in its social media, at

5

www.facebook.com/NailushRunnemedeNJ/ and elsewhere. On information and belief, Defendant owns and operates the domain name www.nailush.us, although that domain does not appear operative at this time.

17. Upon information and belief, Defendant sells and offers for sale under the Nailush mark nail salon services and skin care and nail care products in New Jersey and in interstate commerce. Defendant also promotes its hair salon services and beauty products *inter alia* via Instagram with the address "@nailushrunnemedeNJ." Defendant displays the name Nailush mark in large letters on its store signage, and its social media advertising.

18. CWL has been corresponding with Defendant since as early as November 24, 2015 regarding CWL's LUSH mark, and Nailush LLC's infringement of the LUSH mark. This correspondence included formal written notice to "cease and desist" use of the Nailush name in a letter, and no less than three additional contacts via Facebook message that were acknowledged by representatives of Nailush as being received. To date, no substantive response of any kind has been received by CWL or its counsel and CWL has no alternative but to bring this action.

19. As a result of this correspondence, Defendant has had actual notice of CWL's superior rights in the LUSH mark. Since receiving such notice, Defendant has taken no steps to cease use of its infringing LUSH mark.

20. Defendant is aware of the vast and valuable goodwill and reputation represented and symbolized by CWL's LUSH mark. Defendant also is aware that CWL's consumers and potential consumers rely upon CWL's LUSH mark as distinguishing CWL's products and services from the products and services of others.

21. Defendant's use of the LUSH mark is without the permission, consent, or authority of CWL.

C. **Effect Of Defendant's Conduct On CWL And The Consuming Public**

22. Defendant's Nailush mark is confusingly similar to CWL's LUSH mark. Defendant's Nailush mark is used on the same or similar types of goods and services as those on which CWL's LUSH mark is used. Defendant sells skin care products that compete directly with CWL's product line, and Defendant operates a nail salon that competes with or is very closely related to the services offered at CWL's spas, one of which operates at 1525 Walnut Street, Philadelphia, PA, within ten miles of the defendant's place of business. CWL operates in the same geographic area now served by Defendant, CWL is selling its LUSH products at about ten locations in New Jersey, five locations in Pennsylvania, over 100 locations in the United States, over 900 locations throughout much of the world, and via the Internet to customers throughout New Jersey and Eastern Pennsylvania. Defendant's shop at 151 South Black Horse Pike, Runnemede, PA is located within 8 miles of the LUSH location operated by CWL at 2000 Route 38 in nearby Cherry Hill, New Jersey, and within driving distance of CWL's other Philadelphia, New York City and New Jersey locations. Defendant provides salon and spa services that are closely related to and overlapping with the salon and spa services CWL now provides at its locations in Poole, and London, United Kingdom as well as its two spas operating in the United States.

23. Defendant's products and services advertised, promoted, offered for sale, or sold under the Nailush mark are offered and/or promoted in the same channels of trade as CWL's products and services under CWL's LUSH mark. Defendant and CWL advertise, promote, and offer their products and services to consumers in New Jersey and across the United States, including through websites and social media outlets located on the Internet. CWL's and Defendant's advertising and promotional materials are directed to the same or similar consumers.

24. Defendant's continued use of the Nailush mark and derivatives on its websites, in its advertising and promotional materials, on its signage, and on its products is likely to diminish the goodwill and distinctiveness associated with CWL's LUSH mark.

25. Defendant's products and services under the LUSH mark and derivatives of that mark are being provided and/or promoted, and are likely to continue being provided and/or promoted, throughout the same geographic markets as CWL's products and services. Defendant derives and will continue to derive substantial revenue from its products and services provided under the Nailush mark and derivatives of that mark.

26. Defendant's unauthorized use of the Nailush mark and derivatives of that mark is likely to cause confusion or mistake or to deceive consumers into believing that Defendant's unauthorized products and services advertised, promoted, and offered under the LUSH mark and derivatives of that mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with CWL or that CWL's products and services offered under the CWL's LUSH mark are sponsored, licensed or authorized by, or affiliated, connected, or otherwise associated with Defendant.

27. Defendant's continued use of the Nailush mark and derivatives of that mark is with full knowledge of the prior ownership by CWL of CWL's LUSH mark and CWL's rights to use and control the use of such mark.

28. Defendant has acted and continues to act without regard to CWL's property rights and goodwill.

29. As a result of Defendant's unauthorized use of the LUSH mark and derivatives of that mark, Defendant is being unjustly enriched at CWL's expense, and CWL is being damaged.

30. Defendant's unauthorized use of the LUSH mark and derivatives of that mark in association with its products and services has significantly injured CWL's interests. Specifically,

Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in CWL's LUSH mark; (b) is likely to cause public confusion as to the source, sponsorship, or affiliation of Defendant's products or services; (c) has damaged and threatens to further damage CWL's significant and valuable goodwill in CWL's LUSH mark; (d) has injured and threatens to further injure CWL's right to use CWL's LUSH mark as the exclusive indicia of origin of CWL's bath, hair, and beauty products and services in New Jersey and throughout the United States; (e) has lessened the capacity of CWL's LUSH mark to indicate that its products are sponsored by CWL and, (f) has lessened the distinctive quality of the LUSH mark.

31.  Unless these infringing and diluting acts by Defendant are restrained by this Court, they will cause irreparable injury to CWL and to the public, for which there is no adequate remedy at law.

D.  **Willful Nature Of Defendant's Infringement And Unfair Competition**

32.  Defendant's acts of infringement, dilution and unfair competition complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of CWL's rights.  In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**

33.  CWL repeats the allegations of paragraphs 1-32 of this Complaint as if fully set forth herein.

34.  The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1).  By reason of Defendant's bad faith

and willful infringement, CWL is entitled to recover actual damages, treble damages, an accounting for Defendant's profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

35. CWL repeats the allegations of paragraphs 1-34 of this Complaint as if fully set forth herein.

36. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). CWL is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## THIRD CLAIM FOR RELIEF
### Trademark Infringement And Unfair Competition Under New Jersey Statute 56:3-13.16 *et seq.*

37. CWL repeats the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein.

38. Defendant has violated and infringed and diluted CWL's trademark rights in the LUSH mark, and has used, without the consent of the owner a mark that is a reproduction, counterfeit, copy, or colorable imitation of a mark owned by CWL in connection with the sale of goods and services in New Jersey in a manner likely to cause confusion, deception, or mistake as to the source of the goods and services and has used the same on labels, signs, and in advertising in violation of the law of New Jersey. CWL is entitled to the remedies provided therein.

## FOURTH CLAIM FOR RELIEF
### Unfair Competition Under The Common Law Of New Jersey

39. CWL repeats the allegations of paragraphs 1-38 of this Complaint as if fully set forth herein.

40. By engaging in the foregoing acts, Defendant has knowingly engaged in unlawful passing off and competed unfairly with CWL in violation of the common law of unfair competition in the State of New Jersey.

41. CWL is entitled to recover actual and punitive damages for Defendant's unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, CWL prays that:

A. Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be permanently enjoined from using the LUSH mark, and any other mark that is confusingly similar to the LUSH mark or dilutive thereof;

B. Defendant be ordered to transfer ownership of the domain name www.nailush.us, as well as any other domain name that incorporates the LUSH mark or any other mark that is confusingly similar to the LUSH mark, to CWL;

C. Defendant, its managers, members, officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to modify all packaging, signage, business cards, social media and promotional material to eliminate the Nailush mark, and any other mark that is confusingly similar to the LUSH mark;

D. Defendant, its managers, members, officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, packages, wrappers, receptacles, business cards and advertisements, and any other materials in Defendant's possession or control that use the Nailush mark, and any other mark that is confusingly similar to the LUSH mark;

E. Defendant, its managers, members, officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to take all reasonably available steps to remove the Nailush mark, and any other mark that is confusingly similar to the LUSH mark, as a designator of Defendant's salon from any listing in any business directory, yellow pages, internet directory, Facebook page, Instagram account, social media of any and all kinds, and any other listing or promotion service as well as with the State of New Jersey, Department of Law & Public Safety, Division of Consumer Affairs and the New Jersey State Board of Cosmetology and Hairstyling with respect to any license to operate on file therewith;

F. Defendant be ordered to file with this Court and to serve upon CWL within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G. CWL recover all damages it sustained as a result of Defendant's infringement and unfair competition, and that said damages be trebled;

H. An accounting be directed to determine Defendant's profits resulting from Defendant's activities complained of herein, and that such profits be paid over to CWL, increased as the Court finds to be just under the circumstances of this case;

I. Statutory damages as provided for in 15 U.S.C. § 1117(d);

J. Defendant and all others acting in concert with it be directed to pay treble and/or punitive damages to deter Defendant and all others similarly situated from like unlawful conduct in the future due to Defendant's unfair competition;

K. CWL recover its reasonable attorney fees;

  L. CWL recover its costs of this action and prejudgment and postjudgment interest; and

  M. CWL recover such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), CWL hereby demands a trial by jury on all issues triable as of right by a jury.

Dated:  March 3, 2017       Respectfully submitted,

               By: /s/ Kevin W. Fay
                 Kevin W. Fay, Esquire
                 I.D. No. 005692010
                 ECKERT SEAMANS CHERIN &
                   MELLOTT, LLC
                 Two Liberty Place
                 50 South 16th Street, 22nd Floor
                 Philadelphia, PA 19102
                 Direct (215) 851.6629
                 Fax (215) 851.8383
                 E-mail: kfay@eckertseamans.com

                 Of Counsel:

                 John A. Clifford
                 Rachel K. Zimmerman
                 MERCHANT & GOULD P.C.
                 3200 IDS Center
                 80 South Eighth Street
                 Minneapolis, Minnesota  55402-2215
                 Telephone:  612.332.5300
                 Facsimile:  612.332.9081
                 jclifford@merchantgould.com
                 rzimmerman@merchantgould.com

M1616046.DOC