# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSMETIC WARRIORS LIMITED, | Civil Action No.1:17-cv-01475-RBK-JS |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| NAILUSH LLC, | |
| Defendant. | |

## [PROPOSED] ORDER GRANTING DEFAULT JUDGMENT, INJUNCTIVE RELIEF, AND REQUEST FOR ATTORNEYS' FEES AND COSTS

**THIS MATTER**, having been presented to the Court by Eckert Seamans Cherin & Mellot, LLC, counsel for Plaintiff, Cosmetic Warriors Limited (CWL), seeking the entry of an order granting default judgment, entering a permanent injunction, and awarding attorneys' fees and costs, and it appearing that Defendant, Nailush LLC ("Nailush"), having each been duly served with a Summons and Complaint in the above-captioned action, and having defaulted for failure to answer, appear, or otherwise move as to the Complaint; and CWL having filed the Declaration of John A. Clifford supporting its Motion; and the Court having found that an award of attorneys' fees and costs in the amount of $28,058.55 is reasonable;

**IT IS HEREBY ORDERED** on this ___ day of ____, 2017 that CWL's Motion for Final Judgment by Default, Injunctive Relief, and Request for Attorneys' Fees and Costs is **GRANTED**;

**IT IS FURTHER ORDERED** that **FINAL JUDGMENT** is entered in the amount of $28,059.55, with cost, in favor of CWL and against Nailush.

**IT IS FURTHER ORDER THAT** Nailush, and any person acting in concert or participation with Nailush, is permanently enjoined from:

    a.    using any CWL trademarks (as identified in paragraph 9 of the Complaint) and any other marks, whether in word or design form, trade name, company name, letterhead, domain name, or designation that is confusingly similar to LUSH, and further that is not at least a safe distance away from LUSH, or is otherwise confusingly similar to CWL's trademarks, and from any attempt to retain any part of the goodwill misappropriated from CWL;

    b.    using the name or trademark NAILUSH as a company name, trade name, on any license to operate, or on any form of advertising, or promotion of the business, including but not limited to on Facebook, Groupon, Instagram, Twitter, or any other such platform, on signage, either inside the business or outside the business, on business cards, receipts, credit cards machines or any other way customary in the industry;

    c.    committed any acts calculated to cause the public or others to believe that Nailush's advertised or offered products or services originate from, are associated or affiliated with, or are otherwise sponsored, approved, authorized, or endorsed by Plaintiff; and

    d.    otherwise infringing CWL's name or trademarks.

**CWL IS HEREBY AUTHORIZED to:**

    1)    present a true and correct copy of this Order to the State of New Jersey, Department of Law & Public Safety, Division of Consumer Affairs for the purpose of having the name NAILUSH removed from Cosmetology License Number 32WM00578700;

2) present a true and correct copy of this Order to the State of New Jersey, Division of Revenue and Enterprise Services for the purpose of having the name NAILUSH removed from the name of the entity given Entity ID 0400720192 on file with that agency; and

3) present a true and correct copy of this Order to Facebook.com, Groupon.com, and other similar social media platforms for the purpose of having the name and trademark NAILUSH removed from all such social media platforms with respect to sites, pages or accounts operated by or on behalf of Defendant, Nailush LLC.

**DEFENDANT IS HEREBY ORDERED** to prepare, file with this Court, and serve upon CWL's counsel within 30 days after service of this Order upon Defendant, a written report, signed under oath, in compliance with 15 U.S.C. § 1116, setting forth in detail the manner and form in which Defendant has complied with this Order.

Should the Defendant fail to provide such a written report, or should that report fail to demonstrate substantial compliance with the terms of this Order, the Court hereby authorizes the U.S. Marshall of this District, deputies thereof, or others acting with the authority and supervision of the U.S. Marshall to visit the premises of Defendant at 151 South Black Horse Pike, Runnemede, New Jersey, 08078 for the purpose of removing and destroying any prohibited signage, advertising, business cards, price menus, uniforms, or the like, including the name NAILUSH that remain therein, or remain in use at the premises, and to otherwise take all appropriate actions necessary in the opinion of the U.S. Marshall to enforce this Order, all without further notice to the Defendant.

The costs and expenses of any action necessarily taken by the U.S. Marshall shall be taxed to the Defendant. The U.S. Marshall is hereby authorized to seize U.S. currency found on the premises of Defendant, or to seize other of Defendant's chattels or property only sufficient in

value and amount to cover the cost of the action taken by the U.S. Marshall pursuant to the preceding paragraph.

SO ORDERED and Let Judgment be Entered Accordingly, on this _____ day of _____, 2017.

                                                                          _____
                                                                          The Honorable Robert B. Kugler
                                                                          United States District Court Judge